UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO ENRIQUEZ,<br><br>  Plaintiff<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants | Case No.: 3:21-cv-00085-ART-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 26, 27 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for a preliminary injunction and/or protective order. (ECF Nos. 26, 27.) The Clerk docketed this as two separate motions because Plaintiff titled it as a motion for preliminary injunction *and/or* protective order. However, the court has reviewed the motions and construes Plaintiff's motion as seeking injunctive relief. Defendants filed a response. (ECF No. 33.) Plaintiff filed a reply. (ECF No. 34.)

After a thorough review, it is recommended that Plaintiff's motions be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with claims under RLUIPA and the First Amendment's Free Exercise and Establishment Clauses, against Williams, Wickham, Garrett, and Waters. Plaintiff, a Messianic Jew, alleges that Defendants denied him the ability to request and receive certified leaven free meals, matza, and grape juice during Passover 2020. He claims that Williams sent a memo informing inmates that NDOC was going to use its Common Fare Menu (CFM) as a religious sincerity test to receive Passover meals in 2020. While Plaintiff had been approved to receive Passover meals in the past, he was denied the ability to receive the Passover meals in 2020 because he had not been on the CFM list. Plaintiff claims that NDOC's policy favors Orthodox/Rabbinical Judaism over Messianic Judaism because NDOC used Orthodox/Rabbinical Judaism tenets to determine who would receive Passover meals in 2020. Plaintiff avers that the CFM is "kosher" according to Orthodox/Rabbinical Judaism, but this has no bearing on the tenets of Messianic Judaism, which requires certified leaven free matzah, grape juice, and bitter herbs. (ECF No. 3.)[1]

In this motion, Plaintiff asserts this case stands to extend past the next Passover, and if he is not granted injunctive relief, he will be forced to defile himself again. (ECF Nos. 26, 27.) Plaintiff's motion does not specifically state what relief he is requesting, but in his reply brief he clarifies that he seeks a temporary injunction stopping Defendants and NDOC from utilizing the policy that Jewish inmates must be on CFM to get Passover meals. (ECF No. 34 at 114.)

Defendants oppose Plaintiff's motion, arguing the relief Plaintiff seeks is moot because NDOC is no longer requiring that inmates be on CFM to receive their Passover meals. (ECF No. 33.)

---

[1] The court dismissed with prejudice all claims against NDOC, and the undersigned recommended denial of Plaintiff's request, in essence, for reconsideration of this ruling. (ECF No. 28.)

2

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

>preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

Plaintiff submits evidence that in years prior to 2020, inmates determined to be eligible for CFM and who chose not to receive CFM on a regular basis were able to receive Kosher meals during Passover. In 2020, however, NDOC implemented a change regarding Passover meals: inmates not receiving CFM on a regular basis who request to participate in Passover meals will only receive one meal during Passover (dinner on the final day of Passover). Inmates participating in CFM, on the other hand, would receive Kosher meals for all days of Passover as part of their regular diet. (ECF No. 26 at 63; ECF No. 34 at 87, 91, 93, 112.)

Plaintiff also provides grievance responses from Garrett and Wickham that confirm his allegation that Plaintiff was not on CFM in 2020, and so NDOC determined he did not qualify for Kosher meals for all days of Passover in 2020. (ECF No. 34 at 9, 11.) Plaintiff was further advised that in 2021, all inmates who desire to participate in the Passover meal program must be on CFM at the time of Passover to receive the Passover meals. (ECF No. 34 at 11, 112.)

Plaintiff also supplies Defendants' responses to requests for admission that admit that Passover lasts seven or eight days, depending on the secular calendar; that Plaintiff was not on the CFM in 2020 or 2021; that AR 810.11F does not say inmates must be on CFM to obtain their holy day meals; and that CFM is not mandatory for Messianic Jews (ECF No. 26 at 11, 13, 19, 29, 31, 37, 38.)

In their response to Plaintiff's motion, Defendants provide the declaration of NDOC Deputy Director Brian Williams, who confirms that in 2020, NDOC instituted a requirement that inmates wishing to receive a Kosher meal for every day of Passover would first need to sign up for CFM. (Williams Decl., ECF No. 33-1 ¶ 5.) Beginning in 2023, however, NDOC will no longer requires inmates to sign up for CFM to receive Kosher meals for every day of Passover. According to Williams, NDOC is in the process of updating its Administrative Regulation (AR) to reflect this, and he has notified all institutional chaplains of this change in 2023. (*Id*. ¶ 6.) As a result, they contend Plaintiff's requested relief is moot.

In his reply, Plaintiff argues that the issue is not moot because there is nothing to amend in the AR because Defendants' discovery responses confirm this was an interim directive and not a policy.

The court suspects that the AR is being updated to *clarify* that CFM is not a requirement for receiving Passover meals, but regardless of the status of the AR, Deputy Director Williams' declaration directly contradicts Plaintiff's assertion that he will suffer irreparable harm in the absence of injunctive relief. NDOC has made a clear representation to the court that it will no longer require inmates to sign up for CFM in order to receive Kosher meals every day during Passover. In light of this representation, the court cannot conclude Plaintiff will be subject to irreparable harm if an injunction is not issued and that NDOC is already providing Plaintiff with

5

the relief he seeks. While Plaintiff might seek a *permanent* injunction if he is successful on summary judgment or at trial, his request for *preliminary* injunctive relief is rendered moot by NDOC's action. Therefore, Plaintiff's motion should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for injunctive relief and/or a protective order (ECF Nos. 26, 27).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 24, 2023

_____
Craig S. Denney
United States Magistrate Judge