UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO ENRIQUEZ, | Case No. 3:21-cv-00085-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Antonio Enriquez brings this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Before the Court are: (1) the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 51), recommending that Plaintiff's motions for injunctive relief and/or a protective order (ECF Nos. 26, 27) be denied; (2) the R&R of Judge Denney (ECF No. 52) recommending that Plaintiff's motion for summary judgment (ECF No. 37) be denied and that Defendants' motion for summary judgment (ECF No. 48) be granted in part and denied in part; and (3) Plaintiff's motion for judicial notice (ECF No. 56). For the reasons set forth in this order, the Court: (1) adopts as unobjected to Judge Denney's R&R recommending that Plaintiff's motions for injunctive relief and/or a protective order be denied; (2) adopts in part, over Plaintiff's objection (ECF No. 54), Judge Denney's R&R recommending that Plaintiff's motion for summary judgment be denied and that Defendants' motion for summary judgment be granted in part and denied in part; and (3) denies as moot Plaintiff's motion for judicial notice.

**I.   BACKGROUND**

Since 2016, Plaintiff's faith declaration has been Messianic Judaism. (ECF No. 48-1 at 2.) As part of his faith, Plaintiff requires matzah, unleavened bread,

bitter herbs, and wine/grape juice during Passover. Plaintiff states that prior to 2020, he received Passover meals in accordance with his faith. In 2020, a notice was posted stating that all Hebrew Israelites, Messianic Jews, and Orthodox Jews must sign up if they wish to participate in Passover. (ECF No. 37 Ex. 1.1.) The notice stated that they must sign up by sending a "kite" to the chaplain by January 24 and that they were required to have a declaration of either Messianic Jewish or Jewish on file. (*Id.*) At some point, Plaintiff's name was included on the Passover list. (ECF No. 37 Ex. 1.2.)

An email was sent on January 24, 2020 by Richard Snyder, a chaplain and the chairman of NDOC's Religious Review Team, to other NDOC chaplains which stated that NDOC was changing its policy regarding Passover meals. (ECF No. 37 Ex. 1.4.) The email explained that "[i]n past years, those inmates who are determined to be eligible for the Common Fair Diet and choose not [to] receive CFD on a regular basis have been able to receive the 12 days of Kosher meals during Passover at no cost. […] Effective this year, [the] inmates not receiving CFD on a regular basis and request to participate in the Passover meals should be informed that they will receive only one meal, on one day during Passover when they make their holiday meal request. Inmates already participating on the CFD will receive Kosher meals for all days of Passover as part of their regular diet." (*Id.*) Plaintiff explains that while the NDOC Common Fare Meal ("CFM") [a.k.a. CFD] is Kosher according to Rabbinic or Orthodox Judaism, this fact has no bearing on Messianic Judaism, and Plaintiff claims that the fact that Messianic Jews are required to adhere to Rabbinic or Orthodox standards in order to receive more than one Passover meal violates Plaintiff's rights. (ECF No. 3-1 at 13.) Plaintiff argues that in creating this policy change, Defendants acted beyond the authority prescribed in NDOC Administrative Regulation 810.

Consistent with the January 24, 2020 email, Plaintiff received a memo as a "Passover Non-Common Fair Participant" stating that that he would receive one

2

Passover meal on the last night of Passover. (ECF No. 48-3.) Plaintiff submitted a kite on February 3, 2020, to LCC's Chaplain Davis, asking whether, despite his religious faith declaration of Messianic Judaism, he would not be supplied with matzah and certified leaven-free meals for the duration of Passover because he was not signed up for the CFM diet. Chaplain Davis responded that it was "determined by Carson City that those not already on [CFM] will only be receiving the last meal for [ ] Passover. Culinary is abiding by their determination with no exceptions." (ECF No. 48-4 at 2.) On February 7, 2020, Plaintiff submitted an informal level grievance, asking NDOC to provide him with meals necessary to observe Passover in accordance with his sincerely held beliefs as an adherent of Messianic Judaism. Plaintiff asserted that he must observe Passover and during that time he must not eat leaven or leavening agents. Plaintiff noted he had no problems receiving his Passover meals in years past. (ECF No. 48-6 at 2-5.)

On March 3, 2020, Defendant Deputy Director Brian Williams issued a memorandum regarding Passover 2020. (ECF No. 48-5.) He advised that NDOC's CFM "meets the religious diet restrictions of all religions recognized by NDOC," including that it is kosher for all times of the year with the exception of Passover season, as kosher for Passover restrictions are different than those during the rest of the year. (*Id.*) For an inmate to receive a kosher for Passover meal: (1) the institutional chaplain must verify the inmate's declared faith is Jewish; and (2) the inmate had to sign up for CFM no later than 7 days prior to the start of Passover. The memorandum went on to state that for that year only, NDOC was "attempting to obtain additional kosher for Passover meals as to permit Jewish inmates who are sincere about their religious beliefs of keeping kosher for Passover to participate in the Passover meal program regardless of whether both of the two steps noted above have been appropriately complied with by the inmate." (*Id.*) This was described as a "one-time accommodation" and beginning in 2021, "all inmates who desire to participate in the Passover meal program must

be identified as Jewish (step 1) and be on the CFM at the time of Passover (step 2)." (*Id.*) To take advantage of the exception, inmates were instructed that they "must inform the institutional chaplain at [his] facility via inmate request form/kite within two calendar days of receiving this memo." (*Id.*) The memo also noted that while NDOC was contacting vendors in an attempt to make this one-time accommodation, there was no assurance that the meals would be available in time for Passover. (*Id.*)

Having not received a response to his informal level grievance, Plaintiff filed a first level grievance on March 31, 2020. (ECF No. 48-6.) On April 8, 2020, Waters responded to Plaintiff's informal level grievance, stating in pertinent part:

> Information available through Jewish Voice Ministries indicates that while some Messianic Jews do follow Jewish dietary laws, that there is no such requirement for Messianic Jews to observe Jewish dietary laws. Those who do not participate in the [CFM] but then want to participate in the special food available during Passover have additional questions raised about the sincerity of their beliefs on this subject. It appears that your desire to participate in the Kosher for Passover meals is a matter of personal preference. Your grievance is denied.

(ECF No. 48-6 at 7.)

Plaintiff filed a second level grievance on July 22, 2020. (ECF No. 48-6 at 11-14.) Garrett denied Plaintiff's first level grievance on November 24, 2020, asserting that Plaintiff had not been on CFM, and did not qualify for Passover meals for all days according to the new directive. It asserted that Plaintiff had time to "comply with this change," presumably referring to the requirement that he sign up for CFM to receive all Passover meals. Finally, he reiterated Waters' stance that there were questions raised about the sincerity of his beliefs. (ECF No. 48-6 at 10.)

Wickham denied Plaintiff's second level grievance on January 20, 2021. He noted the NDOC policy change regarding Passover meals in 2020, and that

Plaintiff was not receiving CFM. Therefore, Plaintiff did not qualify for kosher meals for all days of Passover 2020. He reiterated the prior response that not receiving CFM on a regular basis and then requesting to participate in Passover results in "additional questions [being] raised about the sincerity of [his] beliefs regarding this issue." (ECF No. 48-6 at 15.)

## II. R&R ON MOTIONS FOR INJUNCTIVE RELIEF AND/OR A PROTECTIVE ORDER

Judge Denney's R&R recommending that Plaintiff's motions for injunctive relief and/or a protective order be denied was filed on February 24, 2023. (ECF No. 51.) Plaintiff had until March 10, 2023 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will deny Plaintiff's motions for injunctive relief and/or a protective order.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Here, Judge Denney recommends denial of Plaintiff's motions for injunctive relief and/or a protective order because NDOC Deputy Director Brian Williams has submitted a declaration

stating that NDOC is in the process of updating its Administrative Regulation to clarify that signing up for the CFM diet will not be a prerequisite to receive Kosher meals for every day of Passover and that all institutional chaplains have been notified of this policy. (ECF No. 51 at 5.) Thus, Plaintiff cannot show that there is a likelihood of irreparable harm in the absence of preliminary relief. (*Id.* at 5-6 ("While Plaintiff might seek a *permanent* injunction if he is successful on summary judgment or at trial, his request for *preliminary* injunctive relief is rendered moot by NDOC's action.").) The Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

### III.    R&R ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff filed a motion for summary judgment on November 15, 2022, which argues that the evidence Plaintiff has submitted establishes that there is no genuine issue of fact for trial and Defendants are liable as a matter of law. (ECF No. 37.) Defendants filed a motion for summary judgment on February 6, 2023, which argues that the evidence establishes that Defendants did not substantially burden Plaintiff's religious practice, that the March 3, 2020 memorandum was reasonably related to legitimate penological interests, that Defendants did not favor one religion over another, that Defendants Tim Garrett and Gail Waters did not personally participate in any alleged violations, and that Plaintiff failed to exhaust administrative remedies. (ECF No. 48.)

Judge Denney's R&R found that there is a genuine issue of material fact as to whether Defendants substantially burdened Plaintiff's religious exercise. (ECF No. 52 at 15.) The R&R acknowledged that the procedure of requiring an inmate to participate in the CFM diet in order to receive Passover meals effectively "require[es] an inmate to choose between a benefit (here, a non-CFM diet) and a tenant of his religion (leaven-free meals for all of Passover)" which can constitute a substantial burden. (*Id.* at 14.) However, the R&R stated that there is a genuine

issue of fact as to whether Plaintiff's religious exercise was burdened given that Plaintiff was offered the one-time opportunity to sign up for the Passover meals without signing up for the CFM diet. (*Id.* at 15.) The R&R then found that there is a genuine issue of fact as to whether the policy change was reasonably related to legitimate penological interests, given that Plaintiff had previously received Passover meals without being on the CFM diet and that while the stated purpose of the policy change was to prevent increased costs due to insincere inmates attempting to obtain Passover meals, Defendants never contended that Plaintiff's beliefs were insincere. (*Id.* at 16-17.) These points led to the recommendation that both Plaintiff's and Defendants' motions for summary judgment be denied.

The R&R addressed Plaintiff's Establishment Clause claim in which Plaintiff alleges that Orthodox or Rabbinical Jews got their Passover meals while Messianic Jews only got the last meal. The R&R noted that Plaintiff supplied a declaration from inmate Justin Langford, who states that he was not on the CFM diet but received all his Passover meals. The R&R stated that since Langford did not state whether he was an Orthodox/Rabbinical Jew or a Messianic Jew, that Plaintiff had not created a genuine issue of fact as to whether Defendants favored one religion over another and therefore the R&R recommended granting Defendant's motion for summary judgment on Plaintiff's Establishment Clause claim. (*Id.* at 20-21.) Finally, the R&R stated that there were sufficient facts to create a genuine issue of fact as to the personal participation of Garrett and Waters, that Plaintiff had exhausted administrative remedies, and that Defendants were not entitled to qualified immunity.

Plaintiff filed an objection to the R&R on March 15, 2023 which argues that the R&R erred in recommending that Plaintiff's motion for summary judgment be denied. (ECF No. 54.) Plaintiff's objection does not address the point about Plaintiff being offered the one-time opportunity to obtain Passover meals without signing up for the CFM diet, so the Court adopts, over Plaintiff's objection, the

R&R's finding that there is a genuine issue of material fact as to whether Plaintiff's religious exercise was substantially burdened, which leads to denial of both summary judgment motions.

Plaintiff's objection does not directly address the recommendation that summary judgment be granted for Defendants on Plaintiff's Establishment Clause claim. However, Plaintiff states that "[to] clarify[,] the document preparer[']s [Justin Landford] affidavit he avers that he is of the Orthodox Judaism faith and received his meals and was not on the CFM." (*Id.* at 5.) Furthermore, Plaintiff's overall argument is that the policy requiring CFM as a prerequisite to receiving all Passover meals favored Orthodox and Rabbinical Jews over Messianic Jews, since the CFM diet is based on kosher principles derived from Orthodox and Rabbinical Judaism which are not applicable to Messianic Judaism. Requiring Plaintiff to adhere to a dietary plan that his faith does not require as a prerequisite to obtaining meals that his faith does require is a burden on Plaintiff, and this burden was not placed on followers of Orthodox or Rabbinical Judaism. The Court finds that there is a genuine issue of fact as to whether Defendants favored one religion over another and therefore finds that summary judgment dismissal of Plaintiff's Establishment Clause claim is inappropriate.

## IV. CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation on Plaintiff's motions for injunctive relief and/or a protective order (ECF No. 51) is accepted and adopted in full. Plaintiff's motions for injunctive relief and/or a protective order (ECF Nos. 26, 27) are denied.

It is further ordered that Judge Denney's Report and Recommendation on Plaintiff's and Defendants' motions for summary judgment (ECF No. 52) is adopted in part and rejected in part. Plaintiff's motion for summary judgment (ECF No. 37) is denied in full and Defendants' motion for summary judgment

(ECF No. 48) is denied in full.

It is further ordered that Plaintiff's motion for judicial notice (ECF No. 56) is denied as moot.

DATED THIS 16th day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE