# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTONIO ENRIQUEZ,

    Plaintiff

v.

STATE OF NEVADA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants

Case No.: 3:21-cv-00085-ART-CSD

**Order**

ECF Nos. 65, 66

On March 10, 2023, the undersigned issued a report and recommendation that Plaintiff's motion for summary judgment be denied, and Defendants' motion for summary judgment be granted as to the Establishment Clause claim, but otherwise denied. (ECF No. 52.) On June 16, 2023, District Judge Traum adopted the report and recommendation as to Plaintiff's motion for summary judgment, and she adopted in part and rejected in part the report and recommendation as to Defendants' motion for summary judgment. It was rejected as to the Establishment Clause claim, and as such, Defendants' motion for summary judgment was denied in full. (ECF No. 59.) Pursuant to the terms of the scheduling order, the joint pretrial order was to be filed within 30 days of an order on the dispositive motions or on further order of the court. (*See* ECF No. 29 at 3.)

On September 13, 2023, Plaintiff filed a motion for appointment of counsel. (ECF No. 60.) The undersigned issued an order denying that motion on October 2, 2013. (ECF No. 61.)

On October 4, 2023, Plaintiff filed an objection to the order denying his motion for appointment of counsel. (ECF No. 62.)

**MOTION FOR CLARIFICATION (ECF No. 65)**

On April 2, 2024, Defendants filed a motion for clarification "on whether Plaintiff's Objections to Magistrate[']s Order (ECF No. 62) will be construed as a motion for reconsideration of the Order denying appointment of counsel (ECF No. 61)." (ECF No. 65.) That motion also states that "it appears the parties need to seek an extension of the deadline to file a joint pretrial order which was supposed to be filed 30 days after this order on the dispositive motions (ECF No. 29 at 3:14-15)." (*Id.*)

ECF No. 62 is clearly titled as an objection to the order denying Plaintiff's motion for appointment of counsel. There is nothing that requires clarification. Plaintiff filed an objection. Defendants had an opportunity to file a response to the objection, but that window of time has passed. District Judge Traum has not yet ruled on the objection. Defendants' motion for clarification (ECF No. 65) is denied.

Insofar as Defendants mention that the parties need to seek an extension of the deadline to file a joint pretrial order, they should file an appropriate motion to be addressed by District Judge Traum, which is now governed by the excusable neglect standard of Federal Rule of Civil Procedure 6(b)(1)(B).

**MOTION FOR RECONSIDERATION (ECF No. 66)**

After Defendants filed their motion for clarification, Plaintiff filed a motion for reconsideration of the court's order denying Plaintiff's motion for appointment of counsel. (ECF No. 66.) Plaintiff states that he cannot afford an attorney, and the inmate who wrote and prepared his other documents was released.

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses

2

the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*.

Plaintiff has not set forth a basis for reconsidering the order denying his motion for appointment of counsel. As the court stated previously, Plaintiff has not demonstrated that this case is particularly complex with respect to either the facts or the law. Nor has Plaintiff demonstrated a likelihood of success on the merits. The fact that Plaintiff is untrained in the law and cannot afford counsel are not new evidence, as those circumstances were present when the court initially denied Plaintiff's motion. Therefore, Plaintiff's motion for reconsideration will also be denied.

///

///

///

///

///

3

**CONCLUSION**

Defendants' motion for clarification (ECF No. 65) is **DENIED**.

Plaintiff's motion for reconsideration of the court's order denying his motion for appointment of counsel (ECF No. 66) is also **DENIED**.

**IT IS SO ORDERED**.

Dated: April 15, 2024

_____
Craig S. Denney
United States Magistrate Judge