UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO ENRIQUEZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                              Defendants. | Case No. 3:21-cv-00085-ART-CSD<br><br>ORDER |

## I.    SUMMARY

*Pro se* Plaintiff Antonio Enriquez brings this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Now pending before the Court is Plaintiff's Objection (ECF No. 62) to United States Magistrate Judge Craig S. Denney's Order (ECF No. 61) denying Plaintiff's Motion for Appointment of Counsel (ECF No. 60). Because the Court finds Judge Denney's Order to be clearly erroneous, it will sustain Plaintiff's objection and overrule Judge Denney's Order.

## II.    BACKGROUND

The Court incorporates by reference the recitation of the relevant factual background and procedural history in its previous Order (ECF No. 59) and in Judge Denney's Order denying Plaintiff's Motion for Appointment of Counsel (ECF No 62), which the Court adopts for the purposes of this Order.

## III.    LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)); *see also* LR IB 3-1(a). A finding of fact is clearly erroneous when the reviewing judge is "'left with the definite and firm conviction that a mistake has been

committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). In reaching this decision, "[a] reviewing court may not simply substitute its judgement for that of the deciding court." *Grimes*, 951 F.2d at 241.

## IV.    DISCUSSION

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. However, the Court will appoint counsel for indigent civil litigants only in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Neither of these considerations is dispositive and instead must be viewed together. *Id.*

Plaintiff moved for appointment of counsel on September 13, 2013. (ECF No. 60.) Prior to Plaintiff's motion, the case has gone through discovery and motions for summary judgment from both parties. (ECF Nos. 37, 48.) Anticipating that Plaintiff will now be required to articulate his claims at a jury trial, the Court finds that exceptional circumstances exist which merit appointment of counsel in this case. The Court therefore concludes that Judge Denney's Order denying counsel was clearly erroneous and sustains Plaintiff's objection.

Finding that exceptional circumstances exist, the Court grants Plaintiff's Motion for Appointment of Counsel and overrules Judge Denney's Order. In reaching its decision, in addition to the above circumstances, the Court considers Plaintiff's representation that until recently, all his documents were prepared by a third-party "jailhouse lawyer" that is no longer available to assist with his case. The Court also considers Plaintiff's lack of trial experience and the difficulty he

would face presenting his case to a jury. The Court notes that the claims Plaintiff is bringing are constitutional in nature and rather particular in their scope, relating to religious liberties doctrines that are outside the knowledge of Plaintiff and many jurors. Counsel who can help Plaintiff navigate the legal complexity of his claims and articulate the claims to jurors in an understandable way will be helpful in the administration of justice.

This case is referred to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment shall be for the remainder of his case, including trial if necessary. If pro bono counsel cannot be timely located, the Court will inform Plaintiff that he must proceed to trial pro se.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**V.      CONCLUSION**

It is hereby ordered that Plaintiffs Motion for Appointment of Counsel (ECF No. 60) is granted. It is further ordered that Plaintiff's Objection to Judge Denney's Order is sustained. (ECF No. 62.) Judge Denney's Order is therefore vacated. (ECF No. 61.)

It is further ordered that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

It is further ordered that the Clerk shall also forward this order to the Pro Bono Liaison.

It is further ordered that all other deadlines related to this case are paused, pending the appointment of pro bono counsel. The parties' stipulation for an extension of the joint pretrial order deadline (ECF No. 69) is therefore denied as moot.

The Court will hold a status conference approximately 90 days from the date of this Order to get an update on the appointment of counsel.

DATED THIS 22nd day of April 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE